```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                           :
DAVID IGLESIAS,                            :
                                           :
                        Petitioner,        :     09 CV 5195 (KBF)
                                           :
            -v-                            :     MEMORANDUM OPINION
                                           :        AND ORDER
JAMES J. WALSH,                            :
                                           :
                        Respondent.        :
                                           :
------------------------------------------X
```

KATHERINE B. FORREST, District Judge:

Petitioner David Iglesias ("Petitioner") filed a timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 3, 2009 (the "Petition"). A jury sitting in the New York Supreme Court, New York County convicted Petitioner on October 5, 2006, of one count of Burglary in the Second Degree (N.Y. Penal Law § 140.25(2)). The Appellate Division, First Department unanimously affirmed his conviction on January 31, 2008, and the New York Court of Appeals subsequently denied Petitioner leave to appeal. People v. Iglesias, 850 N.Y.S.2d 100 (App. Div.), lv. denied, 889 N.E.2d 87 (2008).

Petitioner now challenges his conviction on three grounds: 1) that he was denied effective assistance of trial counsel; 2) that the evidence admitted at trial was legally insufficient to prove his identity as the burglar beyond a reasonable doubt; and 3) that the jury verdict was against the weight of evidence.

1

The State of New York ("Respondent") contests all of these claims. Moreover, Respondent believes that Petitioner has raised a fourth claim, namely, that the trial court improperly admitted identification testimony into evidence. (See Resp't Mem. of Law (Dkt. No. 13) at 16.) This is not apparent from the Petition; however, the Court will discuss the merits of this potential claim in Part III (D), infra.

For the reasons set forth below, the Petition is DENIED.

I.  FACTUAL BACKGROUND[1]

A. The Crime

On August 25, 2005, complainant Leonard Picariello ("Picariello") was eating dinner at home with his wife Jillian and their son Damien. The front and back doors to the house were open for ventilation, and Picariello saw an unknown man walk out of the study and through the front entryway. Picariello ran outside and seized the man, and as he held him at arm's length, Jillian noticed that the man was attempting to stuff her purse into a duffle bag. After she yelled "That's my purse!", the man dropped the bag and purse and ran down the street. Picariello and Damien pursued, shouting for help, and Efrain Cabrera ("Cabrera"), a doorman at a nearby apartment building, tripped the burglar. However, as Cabrera danced in

---

[1] This Court recites only the facts necessary to resolution of the instant petition. Additional background can be found in the submitted briefs at Docket Nos. 2, 12, and 13.

2

celebration at the "capture," the man escaped.

Police officers arrived at Picariello's residence shortly after the burglary and interviewed the family.  Picariello and Damien both indicated that the burglar was a clean- or close-shaven black male standing around 5 feet 9-10 inches tall.  The police did not find any fingerprints or other physical evidence at the scene.  The following day, Detective Bonardi ("Bonardi") interviewed Picariello and Damien separately at the 24th precinct.  Bonardi gave Picariello a book of photographs and asked him whether he could identify anyone.  Picariello pointed to a photograph of Petitioner, telling Bonardi that he was the burglar.  After subsequently reviewing approximately 300 additional pictures on a computer, Picariello identified a different photograph of Petitioner as the burglar.  Damien later independently reviewed the book of photographs and selected the same picture of Petitioner.  Afterwards, Bonardi distributed the photograph to the police patrol unit with instructions to locate and arrest Petitioner.

Police officers apprehended Petitioner on August 27, 2005, and later that day, Damien identified Petitioner as the burglar in a line-up including five other men of similar appearance.  On September 26, 2005, Picariello also selected Petitioner in

another line-up and said that he was certain that Petitioner was the burglar.[2]

B. The Trial

At trial, Petitioner claimed that he was a victim of misidentification and police misconduct. Contrary to Picariello and Damien's initial description of the burglar, Petitioner is 6 feet and 1/2 inch tall and had a beard when the officers arrested him. Petitioner also testified that on the day of the burglary, he helped a friend transport some mattresses and then smoked crack and slept for the following two days. Finally, Petitioner argued that the police had coerced Picariello and Damien into identifying him as the burglar. Nevertheless, the jury convicted Petitioner of one count of Burglary in the Second Degree on October 5, 2006.

C. The Appeal

On appeal from that conviction, Petitioner claimed that 1) he was deprived of the effective assistance of trial counsel because counsel failed to object to prejudicial testimony concerning pre-trial identification procedures, and during counsel's voire dire of Bonardi, counsel elicited testimony that Petitioner had previously been arrested for robbery; 2) the evidence was legally insufficient to prove Petitioner's identity

---

[2] A photograph of the second lineup was lost, and the prosecution could not produce it at trial.

4

as the burglar beyond a reasonable doubt; and 3) the verdict was against the weight of the evidence.

The Appellate Division unanimously affirmed his conviction on January 31, 2008, holding that the "verdict was based on legally sufficient evidence and was not against the weight of evidence . . . . [because] [e]ach of the two identifying witnesses had an extensive opportunity to observe [Petitioner] at the time of the crime." 850 N.Y.S.2d at 100. Moreover, it found that Petitioner's

> ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters outside the record concerning counsel's strategic decisions. To the extent the existing record permits review, it establishes that defendant received effective assistance under the state and federal standards. Defense counsel's decision to permit introduction of testimony concerning photographic identifications appears to have been part of a legitimate strategy aimed at establishing that the identification testimony was unreliable and the product of police suggestion. Although counsel inadvertently elicited a detective's belief that defendant had a prior arrest for robbery, the court minimized any prejudice by immediately striking that response.

Id. (citations omitted). The New York Court of Appeals subsequently denied Petitioner leave to appeal. 889 N.E.2d at 87.

D. The Petition

Petitioner argues that he was denied effective assistance of trial counsel because his counsel had no conceivable strategy

in failing to object to admission of pre-trial photographic evidence. Moreover, he claims that his trial counsel exposed the jury to prejudicial information by eliciting a statement regarding his criminal history and that the trial court's striking that information from the record did not cure the prejudice. Petitioner further asserts that the jury's verdict was not beyond a reasonable doubt because it was based on insufficient evidence. Finally, as noted above, Respondent believes that Petitioner is also challenging the trial court's admission of identification testimony.

## II.   STANDARD OF REVIEW

### A. Exhaustion

As a threshold matter, in order to obtain federal habeas relief, Petitioner must have exhausted all avenues of state judicial relief for each of the constitutional bases he raises in his petition. See 28 U.S.C. § 2254(b)(1)(A); Picard v. Connor, 404 U.S. 270, 275 (1971); Doresy v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997). Petitioner can

> fairly present to the state courts the constitutional
> nature of his claim, even without citing chapter and
> verse of the Constitution, [through] (a) reliance on
> pertinent federal cases employing constitutional
> analysis, (b) reliance on state cases employing
> constitutional analysis in like fact situations,
> (c) assertion of the claim in terms so particular as
> to call to mind a specific right protected by the
> Constitution, and (d) allegation of a pattern of facts

that is well within the mainstream of constitutional litigation.

Daye v. Att'y Gen. of State of N.Y., 696 F.2d 186, 194 (2d Cir. 1982) (en banc). In addition, where Petitioner no longer has any available avenue to pursue unexhausted claims in state court, federal courts may "deem" the claims exhausted. See Castille v. Peoples, 489 U.S. 346, 351 (1989); Grey v. Hoke, 933 F.2d 117, 120-21 (2d Cir. 1991). However, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim." Gray v. Netherland, 518 U.S. 152, 162, 116 S. Ct. 2074, 2080 (1996); see also Carmona v. United States Bureau of Prisons, 243 F.3d 629, 633 (2d Cir. 2001).

To overcome that procedural bar, Petitioner must demonstrate 1) cause for failing to raise the claim properly in state court and prejudice resulting from the alleged constitutional error; or 2) that the failure to address the claim on habeas would result in a "fundamental miscarriage of justice." See Coleman v. Thompson, 501 U.S. 722, 750 (1991). "Objective impediments to compliance with the procedural rules which would excuse a petitioner's noncompliance for habeas purposes include: 1) the factual or legal basis of a claim was not reasonably available to petitioner's counsel; 2)

interference by officials made compliance impracticable; and 3) ineffective assistance of counsel." Roa v. Portuondo, 548 F. Supp. 2d 56, 59 (S.D.N.Y. 2008) (citing Murray v. Carrier, 477 U.S. 478, 488 (1986)). A fundamental miscarriage of justice arises

> only in an "extraordinary case" in which "a constitutional violation has probably resulted in the conviction of one who is actually innocent." Under this standard, a petitioner has the burden of demonstrating that he is "actually innocent" by showing that there is "a fair probability that . . . the trier of the facts would have entertained a reasonable doubt of his guilt."

Noakes v. Kaplan, No. 10-5141, 2012 WL 718553 at *11, (S.D.N.Y. Mar. 5, 2012) (citations omitted).

### B. Grounds for Habeas Relief

The Antiterrorism and Effective Death Penalty Act ("AEDPA") presents a significant hurdle to federal review of constitutional claims adjudicated on the merits by state courts. AEDPA precludes a federal court from granting habeas relief unless the state court's decision was "contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C. §§ 2254(d)(1), (d)(2). Thus, a federal court must find that either "the state court's application of clearly established

federal law was objectively unreasonable," Williams v. Taylor, 529 U.S. 362, 409 (2000), or that "the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," Harrington v. Richter, 131 S. Ct. 770, 786-87 (2011).

Moreover, federal courts must presume that the state court decision was correct, and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington, 131 S. Ct. at 786.

Finally, federal courts only engage in collateral review of convictions: Direct review through the state judiciary is the principle vehicle for challenging a conviction. See Bentley v. Scully, 41 F.3d 818, 824 (2d Cir. 1994). Therefore, success on federal habeas petitions is limited to grievous wrongs, and a habeas petitioner is not entitled to relief on trial error unless he can establish that such error resulted in actual prejudice. Id.

## III. DISCUSSION

### A. Ineffective Counsel

Petitioner exhausted his state remedies relating to his ineffective assistance of counsel claim because he invoked the Constitution and relevant federal case law in his appeal. The Appellate Division determined that Petitioner's argument was not reviewable because the underlying conduct involved matters of Petitioner's trial counsel's strategy not contained in the record. 850 N.Y.S.2d at 100. Because the court's decision was based on a "state law ground that is independent of the federal question and adequate to support the judgment," Petitioner's ineffective assistance of counsel claim is procedurally barred from federal habeas review. Thompson, 501 U.S. at 729.

As noted, to bypass the procedural bar, Petitioner must demonstrate 1) cause for default and resulting prejudice, or 2) that allowing the bar to stand would result in a fundamental miscarriage of justice. Id. at 750. Here, the Petition does not explain Petitioner's failure to properly raise his ineffective assistance of counsel claim in state court. Further, although he argues that his counsel's elicitation of his criminal record during voire dire resulted in incurable prejudice, it is clear, as the Appellate Division found, that the trial court sufficiently "minimized any prejudice by immediately striking that response." 850 N.Y.S.2d at 100.

10

Finally, it is not apparent from the record that Petitioner is actually innocent of the crime for which he was convicted, since, for reasons discussed more fully in Part III (B), infra, his conviction was based on sufficient evidence. Accordingly, there is an independent and adequate state law ground that prevents this Court from granting habeas relief, and Petitioner has failed to adduce enough evidence to overcome this procedural bar. See Thompson, 501 U.S. at 723; Portuondo, 548 F. Supp. 2d at 62 (because the state court ruled that habeas petitioner's ineffective counsel claims were procedurally barred, petitioner could not obtain federal habeas review).

B. Insufficiency of Evidence

Petitioner also exhausted his legal sufficiency claim because he raised it on appeal and expressly cited the Constitution and relevant federal case law. This Court finds that the Appellate Division's holding was reasonable.

Petitioner is entitled to relief if a court finds "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). Here, Petitioner claims that the prosecution failed to prove beyond a reasonable doubt that he was the burglar. Specifically, he points to the discrepancies between the witnesses' initial description of the

11

burglar and Petitioner's appearance upon arrest. However, federal courts do not have license to reassess the credibility of witness testimony. See Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996). Moreover, "the testimony of a single, uncorroborated eyewitness is generally sufficient to support a conviction." United States v. Danzey, 594 F.2d 905, 916 (2d Cir.), cert. denied, 441 U.S. 951 (1979) (citations omitted). Based upon the record, a rational juror could have assumed that the witnesses had a reasonable opportunity to observe the burglar's face and that the differences between their account and Petitioner's appearance were negligible. See Walker v. Mazzuca, No. 04-2762, 2005 WL 1705294 at *3, (S.D.N.Y. July 21, 2005) (notwithstanding inconsistencies in witness testimony, "the evidence was sufficient to convince a rational juror of [the petitioner's] guilt beyond a reasonable doubt" because two identifying witnesses testified that they saw the petitioner commit the crime). Finally, as noted, this Court cannot reevaluate the credibility of the alibi Petitioner offered at trial. Scully, 86 F.3d at 35. Therefore, Petitioner has failed to prove that no rational jury could have found him guilty beyond a reasonable doubt. Id.

C. Verdict Against the Weight of Evidence

This argument is not cognizable on habeas review because it is a pure state law claim grounded in New York Criminal

12

Procedure Law Section 470.15(5). See McKinnon v. Superintendent, Great Meadow Corr. Facility, 422 Fed. Appx. 69, 75 (2d Cir. 2011), cert. denied, 132 S. Ct. 1151 (2012); Maldonado, 86 F.3d at 35. Because this "weight of the evidence" claim does not raise a constitutional issue, federal courts cannot consider it. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (it is not the "province of a federal habeas court to reexamine state-court determinations on state-law questions").

D. Admission of Identification Testimony

Finally, Respondent claims that Petitioner is also challenging the trial court's admission of identification testimony. (See Resp't Mem. of Law (Dkt. No. 13) at 16.) This is not apparent from the Petition. Nevertheless, this claim would be procedurally barred under New York law because Petitioner failed to raise it on appeal. N.Y. Crim. Proc. Law § 440.10(2)(c).[3] Because the Second Circuit has held that CPL § 440.10(2)(c) is an adequate and independent state law procedural ground that bars an issue from federal habeas review, this Court cannot review this claim. See Reyes v. Keane, 118 F.3d 136, 138-139 (2d Cir. 1997). Moreover, Petitioner has not established cause for default with resulting prejudice, and

---

[3] Petitioner has also not requested a stay from this Court so that he can return to state court and pursue this claim. Regardless, he would not be entitled to an abeyance in this habeas proceeding because he has not established "good cause for [his] failure to exhaust [t]his claim[] in state court." Rhines v. Weber, 544 U.S. 269 (2005); see also Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) (discussing good cause for failure to exhaust).

there is no evidence that allowing the bar to stand would result in a fundamental miscarriage of justice. See Thompson, 501 U.S. at 750. As a result, this Court cannot grant habeas relief.

## IV.  CONCLUSION

The petition for habeas corpus is denied. In addition, the Court declines to issue a certificate of appealability. Petitioner has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. See Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005).

The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court shall close this case.

SO ORDERED:

Dated: New York, New York
       June 11, 2012

*[signature]*
Katherine B. Forrest
UNITED STATES DISTRICT JUDGE

*Copy sent to pro se petitioner by Chambers*